UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JIM R. HARRIS, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:24-cv-03667 (UNA) |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

This matter is before the Court on its initial review of Plaintiff's untitled initiating submission ("Compl."), ECF No. 1, comprised of a letter directed to the Clerk of Court that requests a case number and requests appointment of counsel under 18 U.S.C. § 3006A, *see id*. at 1, and his Application for Leave to Proceed *in forma pauperis* ("IFP"), ECF No. 2. The Court grants Plaintiff's IFP Application, and for the reasons discussed below, dismisses this matter without prejudice.

First, Plaintiff has attempted to open a civil matter without filing an actual complaint, which he may not do. *See* Fed. R. Civ. P. 3; *In re Sealed Case No. 98-3077*, 151 F.3d 1059, 1069 n.9 (D.C. Cir. 1998) (noting that a civil action "must be initiated by complaint[.]") (citing Fed. R. Civ. P. 3); *see also Adair v. England*, 193 F. Supp. 2d 196, 200 (D.D.C. 2002) ("A party commences a civil action by filing a complaint. . . [and] [w]hen no complaint is filed, the court lacks jurisdiction to entertain the plaintiff's petition[.]") (citing Fed. R. Civ. P. 3).

Second, even if construing Plaintiff's submission as a Complaint and overlooking the noted procedural defects, Plaintiff has nonetheless fallen short. Plaintiff, a federal inmate, sues the United States, and alleges that an Assistant U.S Attorney in the U.S. District Court for the District of Missouri, associated with Plaintiff's underlying criminal proceedings, and the Clerk of Court of

the Eastern District of Missouri, committed fraud by conspiring to tamper with evidence and fabricate court documents that he previously requested. *See* Compl. at 2–4, 10–11. He demands that this Court compel the Department of Justice to conduct an investigation into these alleged actions and demands that the alleged wrongdoers be prosecuted. *See id*. at 1, 6, 8–11.

But Plaintiff cannot obtain the relief he seeks by filing a complaint with this Court because it has no authority to compel the government to prosecute a criminal case. *See Shoshone–Bannock Tribes v. Reno*, 56 F.3d 1476, 1480 (D.C. Cir. 1995); *see also Cox v. Sec'y of Lab.*, 739 F. Supp. 28, 30 (D.D.C. 1990) (citing cases). The decision of whether to prosecute, and for what offense, rests with the prosecution. *See Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978). "[I]n American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). Nor may Plaintiff compel a federal investigation by the DOJ, or any other federal law enforcement agency, by filing a civil complaint. *See Otero v. U.S. Att'y Gen.*, 832 F.2d 141, 141-42 (11th Cir. 1987) (per curiam); *Jafree v. Barber*, 689 F.2d 640, 643 (7th Cir. 1982).

To that same end, Plaintiff relies largely on criminal statutes, *see* Compl. at 1, 7, 10; however, there is no private right of action under the criminal statutes upon which Plaintiff relies, *see North v. Smarsh, Inc.*, 160 F. Supp. 3d 63, 77 (D.D.C. 2015) (citing *RJ Prod. Co. v. Nestle USA, Inc.*, No. 10–0584, 2010 WL 1506914, at *2 n.1 (D.D.C. Apr. 15, 2010) (holding that because criminal statutes under Chapter 18 of the United States Code "do not provide for private causes of action, they cannot be used to grant plaintiff access to federal courts")); *Peavey v. Holder*, 657 F. Supp. 2d 180, 190–91 (D.D.C. 2009) (stating that no private right of action exists to enforce the federal criminal code)), *aff'd*, No. 09–5389, 2010 WL 3155823 (D.C. Cir. Aug. 9, 2010); *Prunte v. Universal Music Group*, 484 F. Supp. 2d 32, 42 (D.D.C. 2007) ("[The] Supreme Court has

refused to imply a private right of action in a bare criminal statute.") (citation and internal quotation marks omitted); *Rockefeller v. U.S. Court of Appeals Office, for Tenth Circuit Judges*, 248 F. Supp. 2d 17, 23 (D.D.C. 2003) (holding that federal criminal statutes do not convey a private right of action) (collecting cases). Nor is Plaintiff automatically entitled to appointment to counsel in a civil case, and certainly not under the criminal statute upon which he relies. *See Willis v. FBI*, 274 F.3d 531, 532–33 (D.C. Cir. 2001).

Finally, insofar as Plaintiff may be purporting to, in fact, raise civil fraud claims against these federal actors, *see* Compl. at 4–5 (citing Fed. R. Civ. P. 9(b)), the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346 *et seq.*, expressly exempts most intentional torts, *see Williams v. Wilkie*, 320 F. Supp. 3d 191, 198 (D.D.C. 2018), *appeal dismissed*, No. 18-5272, 2019 WL 1150043 (D.C. Cir. Jan. 9, 2019); *see also* 28 U.S.C. § 2680(h) (excluding any claim arising out of abuse of process or deceit), and it specifically "exempts fraud and misrepresentation from the general waiver of sovereign immunity[,]" *Maxberry v. Dep't of the Army, Bd. of Correction of Military Records*, 952 F. Supp. 2d 48, 52 (D.D.C. 2013) (citing 28 U.S.C. § 2680(h); *Stoyanov v. Winter*, 643 F. Supp. 2d 4, 10–11 (D.D.C. 2009)).

For the reasons above, this matter is dismissed without prejudice. An Order consistent with this Memorandum Opinion is issued separately.

Date:   August 26, 2025                                    _____/s/_____
                                                                               JIA M. COBB
                                                                    United States District Judge